# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-387-RJC

| | |
|---|---|
| DEWAYNE LEE ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ALBERT KEITH KUHNE, ) | |
| SUSAN MCNEELY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and his Motion to Proceed In Forma Pauperis, (Doc. No. 2). See 28 U.S.C. § 1915A(a). First, the Court has examined Plaintiff's motion and his prisoner trust account and finds that Plaintiff does not have sufficient funds from which to prepay fees or costs and his motion, (Doc. No. 2), will therefore be GRANTED.

**I.    BACKGROUND**

Plaintiff, proceeding pro se in this matter, filed a complaint alleging that the Defendants have been deliberately indifferent to his serious medical needs on several occasions. Specifically, Plaintiff alleges that the Defendants denied him proper medical treatment for his hepatitis C condition on June 11, 2010, November 29, 2011, and October 16, 2012. (Doc. No. 1 at 4-5). Plaintiff also contends that the he has not received proper medical treatment for his cataracts, (id. at 8), and his request for a dermatological appointment and an MRI were denied on April 12, 2012. (Id. at 10).

Plaintiff requests a declaration that his Eighth Amendment rights have been violated and he seeks compensatory and punitive damages in excess of $100,000. (Id. at 5-6).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.    DISCUSSION

Plaintiff contends that the Defendants have been deliberately indifferent to his serious medical needs and that this deliberate indifference violates his Eighth Amendment right to be free from cruel and unusual punishment.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a

detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In the present case, Plaintiff participated in the Administrative Grievance Procedure by submitting written complaints. In answer to his complaints, prison officials responded by detailing the medical treatment and responses he had received for each of his alleged conditions: hepatitis C, dermatology condition, request for an MRI, and cataracts. Plaintiff does not dispute that he received certain treatment for these conditions, nor does he set out any facts which could support a claim that the failure of prison officials to provide his chosen level of treatment rises to the level of deliberate indifference to a serious medical need. Rather, the Complaint, including the responses to his grievances, details minute attention to Plaintiff's medical needs and sets out a projected course of treatment for his cataracts and his hepatitis C. That this projected course of treatment does not satisfy Plaintiff's suggested timetable is nothing more than a disagreement with the medical staff's course of treatment. Accordingly, Plaintiff has failed to state a claim for relief for medical indifference in this Section 1983 action.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**;
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim; and
3. The Clerk of Court is directed to close this case.

Signed: December 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge